SCOTT STAFNE, WA BAR#: 6964 *Pro Hac Vice*
239 NORTH OLYMPIC AVE ARLINGTON, WA 98223
TEL: (360) 403-8700

GARY L. ZERMAN, CA BAR#: 112825
23935 PHILBROOK AVENUE, VALENCIA, CA 91354
TEL: (661) 259-2570

*ATTORNEYS FOR PLAINTIFFS*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| CITIZENS FOR FAIR REPRESENTATION, et. al., <br> Plaintiffs, <br><br> vs. <br><br> SECRETARY OF STATE ALEX PADILLA, <br><br> Defendant. | Case No.: 2:17-cv-00973-KJM-CMK <br><br> NOTICE OF SUPPLEMENTAL AUTHORITY <br><br> Hearing Noted: June 15, 2018 <br> Judge: Hon. Kimberly J. Mueller <br> Courtroom: 3 <br><br> Trial Date: None <br> Action Filed: 5/8/17 |

CITATION OF SUPPLEMENTAL AUTHORITY
- *Abbott v. Perez*, Nos. 17-586, 17-626, 2018 U.S. LEXIS 3846 (June 25, 2018)

Yesterday, June 25, 2018, the United States Supreme Court decided *Abbott v Perez*, Nos. 17-586, 17-626, 2018 U.S. LEXIS 3846 June 25, 2018) (attached), a racial gerrymandering case. That case brought by blacks and Latinos, involved a challenge of intentional, invidious racial

NOTICE OF SUPPLEMENTAL AUTHORITY                                                                 1

discrimination to congressional redistricting plans in Texas prepared pursuant to instructions from the U.S. Supreme Court in a previous case.

In *Abbott* the majority distinguished *Hunter v Underwood*, 471 U.S. 222 (1985) in way in which suggests its continued viability in this case because the invidious racial discrimination challenged here is based on California's 1849 and 1879 constitutions.

> The appellees rely primarily on *Hunter* v. *Underwood*, 471 U. S. 222, 105 S. Ct. 1916, 85 L. Ed. 2d 222 (1985), but that case addressed a very different situation. *Hunter* involved an equal protection challenge to an article of the Alabama Constitution adopted in 1901 at a constitutional convention avowedly dedicated to the establishment of white supremacy. *Id.*, at 228-230, 105 S. Ct. 1916, 85 L. Ed. 2d 222. The article disenfranchised anyone convicted of any crime on a long list that included many minor offenses. *Id.*, at 226-227, 105 S. Ct. 1916, 85 L. Ed. 2d 222. The court below found that the article had been adopted with discriminatory intent, and this Court accepted that conclusion. *Id.*, at 229, 105 S. Ct. 1916, 85 L. Ed. 2d 222. The article was never repealed, but over the years, the list of disqualifying offenses had been pruned, and the State argued that what remained was facially constitutional. *Id.*, at 232-233, 105 S. Ct. 1916, 85 L. Ed. 2d 222. This Court rejected that argument because the amendments did not alter the intent with which the article, including the parts that remained, had been adopted. *Id.*, at 233, 105 S. Ct. 1916, 85 L. Ed. 2d 222. But the Court specifically declined to address the question whether the then-existing version would have been valid if "[re]enacted today." *Ibid.*
>
> In these cases, we do not confront a situation like the one in *Hunter*. Nor is this a case in which a law originally enacted with discriminatory intent is later reenacted by a different legislature. The 2013 Texas Legislature did not reenact the plan previously passed by its 2011 predecessor. Nor did it use criteria that arguably carried forward the effects of any discriminatory intent on the part of the 2011 Legislature. Instead, it enacted, with only very small changes, plans that had been developed by the Texas court pursuant to instructions from this Court "not to incorporate . . . any legal defects." *Perry*, 565 U. S., at 394, 32 S. Ct. 934, 181 L. Ed. 2d 900.
>
> Under these circumstances, there can be no doubt about what matters: It is the intent of the 2013 Legislature. And it was the plaintiffs' burden to overcome the presumption of legislative good faith and show that the 2013 Legislature acted with invidious intent.

*Abbott*, 2018 U.S. Lexis 3846, at * 36-37.

This case is like *Hunter* because it challenges intentional, invidious discrimination based on race in California's 19th century constitutions which continue to promote white supremacy today. As the SAC alleges only 38% of California's population is white yet that race comprises 77.5 % of the members of the California's Senate.

The Supreme Court's consideration of the merits of this racial gerrymander case, in light of its previous refusal to find a case or controversy in *Gill v. Whitford*, No. 16-1161, 2018 U.S. LEXIS 3692 (June 18, 2018) only a few days before, indicates intentional racial discrimination is not a generalized grievance.

The majority also held allegations of diminution in the value of one's vote based on intentional racial discrimination must be heard by three judge courts.

> [T]he Texas Legislature in 2011 adopted new districting plans, but those plans were immediately tied up in litigation and were never used. Several plaintiff groups quickly filed challenges in the District Court for the Western District of Texas, arguing that some of the districts in the new plans were racial gerrymanders, some were based on intentional vote dilution, and some had the effect of depriving minorities of the equal opportunity to elect the candidates of their choice. This case was assigned to a three-judge court, *as required by 28 U. S. C. §2284(a)*. …

Abbott, supra, at p. 5. (emphasis supplied)

Dated:  June 26, 2018

Respectfully submitted,

   /s/ Scott E. Stafne                              /s/ Gary L. Zerman
Scott Stafne,  *Pro Hac Vice*              Gary L. Zerman, Attorney

*Attorneys for Plaintiffs*
*Citizens for Fair Representation, et. al*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

      Dated this 26th day of June, 2018 at Arlington, Washington.

                                   BY:    /s/ *Pam Miller*
                                           Pam Miller, Paralegal