GARY L. ZERMAN, CA BAR#: 112825
23935 PHILBROOK AVENUE, VALENCIA, CA 91354
TEL: (661) 259-2570

SCOTT STAFNE, WA BAR#: 6964 *Pro Hac Vice*
239 NORTH OLYMPIC AVE ARLINGTON, WA 98223
TEL: (360) 403-8700

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| **CITIZENS FOR FAIR REPRESENTATION, et. al.,**<br>Plaintiffs,<br><br>vs.<br><br>**SECRETARY OF STATE ALEX PADILLA,**<br><br>Defendant. | Case No.: 2:17-cv-00973-KJM-CMK<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION FOR EX PARTE ORDER TO STAY**<br><br>Trial Date: None<br><br>Action Filed: 5/8/17 |

On June 26, 2018 CFR plaintiffs filed an Application for a Ex Parte Request for Stay of Proceedings (ECF #59) pending a Supreme Court ruling on their petition for a writ of mandamus against Judge Kimberly J. Mueller and/or Ninth Circuit Chief Judge Sidney R. Thomas. On June 29, 2018 defendant California

1

Secretary of State Alex Padilla filed an opposition to CFR plaintiffs application of the Stay. Padilla's argument was short: "Plaintiffs' ex parte application for a stay should be denied because they have not met their burden of showing hardship and inequity in going forward." Dkt 61, p. 2. But this is untrue. See Exhibit 1, attached hereto.

An almost final copy of that Petition on 8 x 11 inch paper, which will be filed with the Supreme Court imminently, is attached hereto as Exhibit 1. The purpose of this attachment is so that this Court is apprised of the grounds for such petition.

As this Court well knows Congress established three judge district courts as to expedite litigation of controversies the political branches determined by law were of great and general importance to the nation. David P. Currie, "*The Three-Judge District Court in Constitutional Litigation*," 32 University of Chicago Law Review 1, 3-12 (1964). In 1976 Congress substantially curtailed the circumstances under which a three-judge district court is required, but mandated that a three judge district court be convened for "an action . . . challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." *Shapiro v. McManus*, 136 S. Ct., 250, 453 (2015).

As this Court initially recognised this case on its face falls within the ambit of 28 U.S.C. § 2284. See Dkt. 14.  The only reason in the record regarding why a three judge court was not convened is because of conversations Judge Mueller, as a single judge, had with personnel in Ninth Circuit about was required to be a

2

ministerial decision of a single judge of this federal district court. See July 24, 2018 transcript of oral argument. See also Exhibit 1.

28 U.S.C. § 2284 is a jurisdictional statute. It does not allow a single judge to exercise subject matter jurisdiction in a case which challenges the Constitutionality of state legislative bodies, particularly claims based invidious racial discrimination. Fourteenth Amendment. *See Abbott v. Perez*, Nos. 17-586, 17-626, 2018 U.S. LEXIS 3846 at *5 (June 25, 2018)[1] ( Noting a racial gerrymandering case "was assigned to a three-judge court, as required by 28 U. S. C. §2284(a).

On June 28, 2018 three days after Abbott was decided the Supreme Court handed down a per curiam decision in *North Carolina v Covington*, 585 U. S. \_\_\_\_ (June 28, 2018), a copy of which is attached as Exhibit 2. In *Covington* North Carolina challenged the jurisdiction of the lower three judge court because the law upon which the challenge was based had been repealed. The Supreme Court held this was not sufficient to moot claims based on racial discrimination because plaintiffs alleged the racial injury was continuing. Id., at 7.

Article III, § 2 makes clear that  subject matter jurisdiction sufficient to support the exercise of Article III judicial power is bestowed on courts and judges by the constitution, laws and treaties. *See e.g. Patchak v. Zinke*, 138 S. Ct. 897, 904-06 (2018); *Bank Markazi v. Peterson,* 136 S. Ct. 1310, 1328 (2016)*; Cf. Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1378 (2018). Subject matter jurisdiction does not exist (or at least should not exist) by virtue of

---

[1] Plaintiffs have previously filed a Notice of Supplemental Authority regarding this recent case (Dkt 58) to which Padilla responded (Dkt 60).

judicial decree, especially in this type of apportionment case. *Shapiro v McManus*, 136 S.Ct. 450 (2015). *Cf. Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Congress having the power to establish courts "must define their respective jurisdictions. … Courts created by statute can have no jurisdiction but such as the statute confers.") *Sheldon v. Sill*, 49 U.S. 441, 448-9 (1850). *See also Kline v. Burke Constr. Co.*, 260 U.S. 226, 234, 43 S. Ct. 79, 82 (1922) (Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress. That body may give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution.) *Cf. Steckel v. Lurie*, 185 F.2d 921, 924-25 (6th Cir. 1950).

Where jurisdiction is conferred by statute federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. 264, 404 (1821). This Court, acting as a single judge, appears to be usurping of the three judge court established by law to hear apportionment but also the appellate jurisdiction of the Supreme Court under 28 U.S.C. § 1253 to hear appeals directly from three judge courts' rulings on apportionment matters. *See North Carolina v Covington*, 585 U. S. at 6. *See also* at Exhibit 1, at 12, 18-20.

Accordingly, if the Court is not willing to follow Congress' explicit jurisdictional commands and recent Supreme Court authority regarding standing in

4

apportionment cases alleging invidious racial discrimination, then CFR petitioners urge this single judge court stay these proceedings until plaintiffs petition for writ of mandamus is decided. Alternatively, if this single judge court is convinced by the Supreme Court recent apportionment decisions that a three judge court should be convened to decide this apportionment case, then she should do so as resolution of these invidious racial discrimination claims affecting apportionment are clearly justiciable.

## Conclusion

CFR plaintiffs petition for a stay of a one judge court issuing a jurisdictional order in a non-frivolous case should be granted until their petition for writ of mandamus is resolved.

Dated: July 3, 2018

        Respectfully submitted,

                */s/ Scott E. Stafne*
                Scott Stafne, *Pro Hac Vice*

                */s/ Gary L. Zerman*
                Gary L. Zerman, Attorney.
                *Attorneys for Plaintiffs*
            *Citizens for Fair Representation, et. el*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

        Dated this 3rd day of July, 2018 at Arlington, Washington.


                          BY:    /s/ *Pam Miller*
                                 Pam Miller, Paralegal