UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS FOR FAIR REPRESENTATION, et al., | No. 2: 17-cv-00973-KJM-CMK |
| Plaintiffs, | <u>ORDER</u> |
| v. | |
| SECRETARY OF STATE ALEX PADILLA, | |
| Defendant. | |

A voting rights organization, local government entities, independent political parties and various individual California voters jointly sue the California Secretary of State, arguing the cap on the number of state legislators has abridged their right to self-governance. The court heard defendant's most recent motion to dismiss for lack of subject-matter jurisdiction on June 15, 2018. *See* Def.'s Mot., ECF No. 42 (filed April 16, 2018). Plaintiffs requested a three-judge court hear this motion, Pls.' Mot., ECF No. 43, citing 28 U.S.C. § 2284(a). The court proceeded with the hearing for the reasons reviewed below.

/////

/////

The court previously has addressed whether and when this case might trigger § 2284(a)'s three-judge court requirement. *See* Aug. 24 2017 Min. Order, ECF No. 22 ("the court has determined it is premature to request the convening of [a three-judge] court prior to this court's threshold determination of jurisdiction and justiciability") (citing *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015)).

Specifically, § 2284(a) provides for the convening of a three judge court "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). But § 2284 does not require referral to a three-judge court "where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro*, 136 S. Ct. at 455 (quoting *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974)).

On February 1, 2018, the court dismissed plaintiffs' First Amended Complaint for lack of subject-matter jurisdiction, with leave to amend. *See* Order, ECF No. 32. The court explained plaintiffs lacked standing and the complaint raised only nonjusticiable political questions. *Id.* at 4-10. Plaintiffs amended the complaint, *see* Second Am. Compl., ECF No. 39, and defendant has moved to dismiss the amended complaint based on the same jurisdictional grounds. *See* Def.'s Mot. at 11-16 (arguing plaintiffs still lack standing and complaint still raises nonjusticiable political questions).

Until the court resolves defendant's motion and unless or until it determines a federal court has jurisdiction over plaintiffs' amended complaint, the court continues to find that convening a three-judge court would be premature. *Shapiro*, 136 S. Ct. at 455. Plaintiffs' motion to convene a three-judge court is DENIED, without prejudice.

IT IS SO ORDERED.

This resolves ECF No. 43.

DATED: August 1, 2018.

UNITED STATES DISTRICT JUDGE