1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11
CITIZENS FOR FAIR                          No. 2: 17-cv-00973-KJM-CMK
12   REPRESENTATION, et al.,
13                Plaintiffs,
14        v.                                ORDER
15   SECRETARY OF STATE ALEX
     PADILLA,
16
                 Defendant.
17
18
19
20              Plaintiffs' *ex parte* request to file additional briefing, ECF No. 53, and plaintiffs'

21   *ex parte* request for a stay, ECF No. 59, are pending before the court.  The additional briefing,

22   plaintiffs argue, is necessary to explain how recent Supreme Court authority affects defendant's

23   pending motion to dismiss, which the court submitted on June 14, 2018.  *See* H'rg Mins., ECF

24   No. 52.  The stay, plaintiffs argue, would also allow the parties to further brief plaintiffs' earlier

25   motion to convene a three-judge court, which the court submitted on May 22, 2018.  *See* ECF

26   Nos. 43, 45.  Defendant opposes both requests.  ECF Nos. 57, 61.  As explained below, the court

27   DENIES plaintiffs' requests.

28
                                              1

As to the first request, plaintiffs have not shown additional briefing is warranted. Plaintiffs cite and attach two Supreme Court decisions, *Gill v. Whitford*, 138 S. Ct. 1916 (2018) and *Lozman v. City of Riviera Beach, Fla.*, 138 S. Ct. 1945 (2018), which both issued on June 18, 2018, four days after this court heard defendant's motion to dismiss. *See* ECF No. 53; H'rg Mins., ECF No. 53. Notifying the court of this supplemental authority is enough; the court declines to invite further briefing at this time. Plaintiffs' first request, ECF No. 53, is DENIED.

Nor have plaintiffs met their burden to justify a stay. *See* ECF No. 59. Plaintiffs must establish "a clear case of hardship or inequity in being required to go forward," which the court then weighs against competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Here, plaintiffs' justification for the requested stay is that the court cannot resolve the pending motions without first considering how recent authority affects plaintiffs' motion to convene a three-judge court. *See* ECF No. 59 at 7. But the court is aware of the new authority, and its availability now does not change the court's analysis regarding the stay request.

The court is likewise unpersuaded by plaintiffs' proposal to stay this case while they seek a Writ of Mandamus for Supreme Court guidance on their motion to convene a three-judge court. ECF No. 59 at 7. Plaintiffs cite no authority supporting this interlocutory quest for guidance, or a stay during its pendency. Finding no legitimate basis for a stay, plaintiffs' second request, ECF No. 59, is DENIED.

IT IS SO ORDERED

This resolves ECF Nos. 53, 59.

DATED: August 1, 2018.

_____
UNITED STATES DISTRICT JUDGE