UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 08 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITIZENS FOR FAIR REPRESENTATION; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALEX PADILLA, Secretary of State of California, Secretary of State, State of California, <br><br> Defendant - Appellee. | No. 18-17458 <br><br> D.C. No. 2:17-cv-00973-KJM-DMC <br> U.S. District Court for Eastern California, Sacramento <br><br> **MANDATE** |

The judgment of this Court, entered May 15, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Jessica Flores
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITIZENS FOR FAIR REPRESENTATION; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ALEX PADILLA, Secretary of State of California, <br><br> Defendant-Appellee. | No.  18-17458 <br><br> D.C. No. 2:17-cv-00973-KJM-DMC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted March 6, 2020**
San Francisco, California

Before:  WARDLAW, M. SMITH, and BUMATAY, Circuit Judges.

Plaintiff-Appellants ("Plaintiffs") appeal the district court's order denying their request for a three-judge court and dismissing their Second Amended

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Complaint (SAC) for lack of standing and justiciability. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's legal conclusions, including its decision to dismiss for lack of jurisdiction. *See United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015) (en banc). We affirm.

The California Constitution limits the number of senators to 40 and the number of assembly members to 80. Cal. Const. art. IV, § 2. Plaintiffs allege that this constitutional cap violates the Equal Protection Clause, the Due Process Clause, and the First Amendment of the United States Constitution.[1]

> To demonstrate standing, a plaintiff must plausibly plead facts to establish the following "three elements": (1) that he 'suffered an injury in fact,' (2) that there is "a causal connection between the injury and the conduct complained of," and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1173 (9th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted)).

1. In the SAC, Plaintiffs allege that the large and growing size of California's electoral districts are "dilut[ing]," "devalu[ing]," or otherwise rendering ineffective

---

[1] Plaintiffs concede that their claim under the Constitution's Guarantee Clause, U.S. Const. art. IV § 4, is nonjusticiable. *See Murtishaw v. Woodford*, 255 F.3d 926, 961 (9th Cir. 2001). Thus, we do not address that claim further.

the votes of a "significant percentage of California voters," as well as the votes of non-white Californians in particular, all in violation of the Equal Protection Clause. However, the growing size of California's electoral districts values—or in Plaintiffs' view, devalues—every vote equally. It is also equally true that no vote has greater or lesser weight on the basis of race. *Cf.* Cal. Const. art. XXI, § 2(d)(2) (requiring California to design its electoral districts in compliance with the federal Voting Rights Act). Because the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance . . . does not state an Article III case or controversy," *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan*, 504 U.S. at 573–74), Plaintiffs lack standing to pursue this claim.

The Supreme Court's decision in *Federal Election Commission v. Akins*, 524 U.S. 11 (1998), is not to the contrary. In *Akins*, the Court explained that a plaintiff may establish Article III standing to bring a suit regarding a harm that is "widely shared" so long as that harm is "concrete and specific." *Id.* at 24–25. The Court noted that this might be feasible "where large numbers of voters suffer interference with *voting rights conferred by law*." *Id.* at 24 (emphasis added). That language referred to *Shaw v. Hunt*, 517 U.S. 899, 905 (1996), which found a cognizable injury where voters were personally assigned to voting districts on the basis of race—a violation of the guarantee of equal protection. *Id*. Because neither state nor federal law guarantees to each voter a certain minimum influence on the

3

outcome of the election, Plaintiffs cannot plausibly allege that California's large electoral districts interfere with any legally-conferred voting rights.  Thus, unlike *Akins*, Plaintiffs are unable to allege a concrete and specific injury that would allow them to challenge the size of California's electoral districts on the grounds alleged.

    2.   Relatedly, Plaintiffs claim that California's constitutional cap was enacted for the purpose of discriminating on the basis of race in violation of the Equal Protection Clause.  As support, they cite *Shaw v. Reno*, 509 U.S. 630 (1993), and other racial gerrymandering cases to suggest they can establish standing for this claim on the theory that Plaintiffs have been denied their right to a vote of weight equal to that of other citizens on the basis of race.  Even if they have pled facts tending to show that some provisions of the California Constitution were enacted with racially discriminatory purpose, they have not plausibly alleged that Article IV, Section 2 was drafted with this intent.  Furthermore, as noted above, they have not adequately alleged that some votes are weighted less than others based on race.  Therefore, Plaintiffs lack standing to pursue this claim as well.

    We conclude further that Plaintiffs lack standing for their related claim that the legislative caps in the California Constitution are maintained with discriminatory purpose in violation of the Equal Protection Clause.  Plaintiffs offer nothing more than speculative and conclusory allegations about how some unknown legislators

4

might react to a future proposal to amend the cap at some unknown point in time, and the alleged resulting racially discriminatory impact of a refusal to amend the cap.

    3.  Next, Plaintiffs allege that the large size of California's electoral districts harms them by diminishing their ability to influence their representatives in the legislature in violation of the Equal Protection Clause, the Due Process Clause, and the First Amendment.  This injury is too "abstract and indefinite" to establish standing.  *See Akins*, 524 U.S. at 23 (citation omitted) (suggesting that a concern like a "common concern for obedience to law" was too abstract to establish standing).  Even if this were not the case, Plaintiffs have failed to "plausibly plead facts" to establish a "causal connection" between the size of California's electoral districts and the undue influence of a small political elite.  *Dutta*, 895 F.3d at 1173 (citation omitted).  As the SAC suggests, a political elite was firmly entrenched in power in 1879 when Article IV, Section 2 was first adopted—and electoral districts had far fewer people then.  The SAC does not plausibly explain how increasing the number of people in electoral districts has further entrenched this political elite more than 140 years later.[2]

---

    [2] Plaintiff Baird also lacks standing to pursue his First Amendment claim because he fails to show any causal connection between his termination from his job and the constitutional cap on the number of electoral districts in California.

5

4. Finally, Plaintiffs try to salvage the SAC by suggesting that because they sought to proceed under 28 U.S.C. § 2284, they have a lower bar to establish standing. However, "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint." *Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015) (quoting *Gonzales v. Automatic Emp. Credit Union*, 419 U.S. 90, 100 (1974)). Because the district court lacked jurisdiction to hear Plaintiffs' claims under Article III, it properly denied their request for a three-judge court and dismissed their claims.

5. In light of the foregoing, we need not address whether Plaintiff's claims present a political question beyond our jurisdiction.

**AFFIRMED.**